VALDEZ BANK v. VON GUNTHER et al.

(Third Division. Valdez. December 20, 1909.)

No. 396.

1. DEDICATION (§ 19*)—STREETS—SALE OF LOTS—EFFECT.

The defendants sold town lots out of their lands by metes and bounds, representing that they were bounded by streets, which were well marked and accepted as boundaries by all parties. Thereafter the defendants denied the dedication of the streets and began to fence and use the same. *Held*, they were bound by their acts of dedication, and that they were not permitted to fence the streets.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35–47; Dec. Dig. § 19.*]

. DEEDS (§ 93*)—CONSTRUCTION.

For the sole purpose of finding and executing the real intention of the parties, the court will place itself, as nearly as possible, in the position of the parties when the deed was executed, and consider all the surrounding circumstances, the situation of the parties and the property, and in fact all sources of information naturally suggested by the description of the property in the conveyance, or which may have acted upon the minds of the parties.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 231, 232; Dec. Dig. § 93.*]

This is an action to restrain the defendants Von Gunther from fencing and obstructing the use of certain town lot property in the town of Valdez, Alaska, claimed to have been con-

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

3 A.R.—42

veyed to this plaintiff, through Adam Swan, by the defendants Von Gunther.

The plaintiff claims that the tract of land conveyed by deed to Swan by the defendants Von Gunther was in fact all of a certain patented tract owned by them on September 7, 1907, but that the said Von Gunthers, with intent to defraud and deceive the said Swan, in fact deeded the above-mentioned tract, by metes and bounds, in three separate lots, not including in express terms certain streets contained therein, but that the said Von Gunthers, at and prior to the time of the execution of the deed to Swan, expressly and repeatedly assured and represented to Swan that the streets should not be included in said deed, for the reason that they were, and had been for some time, dedicated to the said town of Valdez. The said Swan, relying on these statements, agreed to the conveyance, and subsequently the title thereto passed under foreclosure proceedings to the plaintiff hereir

The evidence of Swan shows that he purchased the property in person from the Von Gunthers after several conversations with each, and that he was upon the ground with them. The evidence further discloses that the defendants Von Gunther made no claim to said contested streets until on or about September 4, 1909, when the complaint was filed in this action and a temporary restraining order granted to prevent the defendants from fencing off said streets, selling, or otherwise incumbering the same pending the trial of this cause.

By the pleadings the defendants Von Gunther admit the dedication to the town of Valdez of 22½ feet along the entire length of their former tract of ground on the southerly side, constituting a part of Reservation avenue, but deny the alleged dedication of a similar tract of ground, 50 feet in width and running the length of said tract on the northerly side, constituting Nazina street, and they also deny the dedication of an intersecting street from Reservation avenue to Nazina street,

50 feet in width, running through the center of the land con-
veyed to Swan, and being an extension of Fourth street of the
town of Valdez.

OVERFIELD, District Judge. We are thus confronted
with the question of considering parol evidence to explain or
modify a deed, in which the alleged streets are not mentioned
in express terms.

The object in construing a deed is to ascertain the intention
of the parties, and especially that of the grantor, and it is a
well-settled rule of law, I apprehend, that deeds must be so
construed as to effectuate, if possible, the intention of the par-
ties, unless such intention be inconsistent with settled rules of
law regarding the subject-matter in the case, or unless the
terms of the deed itself—the expressions used therein—posi-
tively forbid or make it impossible to effectuate the real inten-
tions of the parties.

Courts of law have no power, we agree, to reform a deed.
It must be construed according to its legal construction, effect,
and operation apparent on its face, or with the aid of any such
evidence as is admissible by the rules of law to explain it.
Courts of equity will, however, reform deeds made to carry
into effect contracts and agreements, according to their original
intentions, notwithstanding any defect in the execution of the
instrument adopted. Yet where a deed has been deliberately
executed by the parties under a mistaken opinion of both as to
its legal effect, a court of equity will not reform it, though it
fails to effectuate their intention.

However, it is well said that a court of equity acts upon the
conscience of a party by compelling him to execute a contract
in good faith, according to the intention with which it was
made; but such a court of equity does not assume the power of
altering or reforming original deeds differently from the in-
tention of the parties. The extent of the power of a court of
equity is to correct any deed which has been so executed as to

make its effect contrary to the true meaning and intention of the parties.

For the sole purpose of finding and executing the real intention of the parties, the court will place itself, as nearly as possible, in the position of the parties when the deed was executed, and consider all the surrounding circumstances, the situation of the parties and the property, and in fact all sources of information naturally suggested by the description of the property in the conveyance, or which may have acted upon the minds of the parties. It is well settled that, in construing a deed where two descriptions appear, the one most favorable to the grantee will prevail.

That there was a dedication of the three streets, at the time of the sale by the Von Gunthers to Swan, there is no doubt. In fact, the answer admits the public ownership of the 22½ feet constituting a part of Reservation avenue. On the opposite side of the tract, and running its entire length, 650 feet, parallel to Reservation avenue, is the disputed strip of land, 50 feet in width.

At the time of the execution of the Swan deed, the evidence shows that this street was cleared in part, allowing travel, though a fence did exist on the southerly part of the street for some time, and the street became generally used by the public after 1907. The intersecting street, being in fact an extension of Fourth street of the town of Valdez, was cleared, previous to 1907, by removing large trees and underbrush for its entire length, 350 feet, and has been open for travel at all times since the conveyance to Swan, until boarded up by the defendants Von Gunther in September, 1909. The physical condition of the property leaves no doubt but that the land cleared was meant for a continuation of Fourth street and has been so used to no little extent. On either side of the street large trees still stand, and the underbrush is uncut, and a similar condition exists on the southerly side of Nazina street.

The deed does not, in express terms, exclude the 22½ feet on the southerly side as a part of Reservation avenue, but admittedly it was the intention of the defendants Von Gunther to so exclude it at the time of the execution of the deed to Swan. This, with the other circumstances above referred to as to physical condition, etc., gives us some reason to believe that a similar failure in the deed to mention Nazina street and the intersecting street, might well have been with the same view of dedication as that of the tract on the southerly side, dedicated to the town of Valdez to be used as Reservation avenue. Again, evidence admitted of a deed from the Von Gunthers to third parties shows that he did recognize Nazina street, and bounded the property conveyed by said street on the northerly side. The very outlines of the property in contention preclude the idea of the defendant's claim, but, on the other hand, seems to sustain the plaintiff's assertions.

From all the evidence presented to the court, it is plain that the said streets in contention were not only dedicated to the public use at the time of the Swan deed, but that title to them was represented to said Swan as being in the town of Valdez. The intention is clear on the part of the grantors, the Von Gunthers, to sell what they represented as 18 lots, each 50 by 140 feet, to Swan, all of said lots touching on these streets, and that they parted with all their right, title, and interest in the lots, and the streets as well, if they had not already done so to the town of Valdez. A different intention on the part of the defendants Von Gunther as to the streets would sustain the allegation of fraud and misrepresentation, as alleged by the plaintiff in its complaint.

The clear interpretation of the deed, with the surrounding circumstances existing between the parties at the time of the sale of the property, leads this court to the conclusion that the grantors of Swan intended to pass and did pass title to the streets abutting the tracts conveyed to Swan, and that sufficient

reference was made in the deed itself to lead to this conclusion. It would therefore appear inequitable not to hold the defendants estopped from claiming any title to the said streets, or in any way using or obstructing the same.

Let findings of fact and conclusions of law be drawn and decree be prepared accordingly.